IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,357






EX PARTE ESTEBAN VALDEZ GONZALES, Applicant









ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NUMBER 9417920-A IN THE 183
RD 


JUDICIAL DISTRICT COURT OF HARRIS COUNTY






 Per curiam.



O P I N I O N




 This is a post-conviction application for a writ of habeas corpus filed pursuant to
Article 11.07, § 3, Tex.Code Crim.Proc. Applicant was convicted of murder and
punishment was assessed at confinement for sixty years. An appeal was never perfected
because notice of appeal was filed over nine months after the due date. 

 Applicant contends that he was denied his right to a meaningful appeal when his
counsel failed to timely file notice of appeal. Appellate counsel filed a motion for new
trial in 1999 wherein he alleged he did not file a notice of appeal because he believed it
had already been filed. The trial court entered findings of fact and conclusions of law in
which it found Applicant had timely expressed a desire to appeal in open court, appellate
counsel stated in open court he would file a notice of appeal but failed to do so, and
counsel failed to timely file notice of appeal. The trial court recommended that an out-of-time appeal be granted.

 Relief is granted. Applicant is entitled to an out-of-time appeal in cause number
9417920 in the 183rd Judicial District Court of Harris County. This cause is returned to
that point in time at which Applicant may give written notice of appeal so that he may
then, with the aid of counsel, obtain a meaningful appeal. For purposes of the Texas
Rules of Appellate Procedure, all time limits shall be calculated as if the sentence had
been imposed on the date that the mandate of this Court issues. We hold that should
applicant desire to prosecute an appeal, he must take affirmative steps to see that written
notice of appeal is given within thirty days after the mandate of this Court has issued.

 Applicant's remaining ground is dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997). 

DELIVERED: March 8, 2006

DO NOT PUBLISH